UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER JACKSON,

                Plaintiff,

        -against-

NEW YORK STATE DEPARTMENT OF
LABOR,

                Defendant.

25-CV-5576 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendant New York State Department of Labor ("DOL") violated his right to due process under the Fourteenth Amendment. By order dated August 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] On May 13, 2024, Defendant opened a claim for unemployment benefits for Plaintiff. Over the next several months, Defendant requested additional information from Plaintiff regarding his earnings, including "a full financial audit." (ECF 1 at 1.) On October 29, 2024, Defendant denied Plaintiff's claim for unemployment benefits because it determined that he did not "'have the required employment and earnings to establish an Unemployment Insurance Claim.'" (*Id.* at 1-2 (quoting the Determination Letter).)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

On November 18, 2024, Plaintiff requested an appeal to the New York Unemployment Insurance Appeals Board ("UIAB"). On December 2, 2024, while Plaintiff was waiting for his appeal to be heard, he received a letter stating that the Commissioner of the DOL was withdrawing his previous determination and "'will conduct further fact-finding.'" (*Id.* at 2 (quoting the letter).)

On January 31, 2025, Plaintiff received a voicemail from a representative of the DOL asking him to provide additional information about his financial records, which Plaintiff did. On May 18, 2025, DOL closed Plaintiff's claim without providing a second determination. On May 20, 2025, Plaintiff sent a letter to the New York State Unemployment Insurance Administrative Law Judge ("ALJ") requesting that his appeal be heard.[2] Plaintiff has not received a response.

Plaintiff asks this Court to "make a ruling on [his] unemployment benefits claim." (*Id.*)

## DISCUSSION

### A.    Eleventh Amendment immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "The immunity recognized by the Eleventh

---

[2] Plaintiff mailed that letter to P.O. Box 697, New York, NY 10014. (See ECF 1 at 4.) According to the DOL's Unemployment Insurance Claimant's Handbook, requests for an appeal must be filed online or by mailing the request to the New York State Department of Labor at P.O. Box 15131, Albany, NY 12212. *See* New York Department of Labor, Unemployment Insurance Claimant Handbook, at 34, *available at* https://dol.ny.gov/unemployment-insurance-claimant-handbook (last visited Aug. 25, 2025).

Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366.The New York State DOL is such an arm of the state. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the DOL are therefore barred by the Eleventh Amendment and are dismissed.[3]

### B.   Due Process claim

Plaintiff asserts that Defendant violated his right to due process. The two threshold questions in any claim for the denial of procedural due process are whether the plaintiff possessed a liberty or property interest and, if so, what process was due before plaintiff could be deprived of that interest. *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). "Unemployment benefits are a property interest protected by the due process requirements of the Fourteenth Amendment." *Losey v. Roberts*, 677 F. Supp. 101, 108-09 (N.D.N.Y. 1986) (citing *Basciano v. Herkimer*, 605 F.2d 605, 609 (2d Cir. 1978)).

---

[3] While the Eleventh Amendment bars money damages and injunctive relief against states and their agencies, it does not preclude claims under Section 1983 against agency officials, in their official capacities, in which prospective injunctive relief is sought. *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *see Green*, 474 U.S. at 68; *Pennhurst*, 465 U.S. at 102-03. Because Plaintiff does not allege facts suggesting a violation of his federal constitutional rights, as discussed below, the Court declines to construe the complaint as seeking injunctive relief against a DOL official in his or her official capacity.

Where the government deprives a plaintiff of some property interest pursuant to an established procedure,[4] procedural due process is generally satisfied so long as some form of hearing is provided before the individual is deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate post-deprivation remedy); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy"). When determining whether a person has been deprived of procedural due process, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). In addition, "if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Id.* at 113.

---

[4] Conduct is undertaken in accordance with established state procedures when, for example, it is "pursuant to a statute, code, regulation, or custom," or is the result of a decision made by a high-ranking official with "final authority over significant matters." *See Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. All. LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

New York state law establishes procedures for a claimant to seek review of an adverse decision with respect to unemployment benefits. "A claimant who is dissatisfied with an initial determination of his or her claim for benefits . . . may, within thirty days after the mailing or personal delivery of notice of such determination" request a "formal hearing" before an administrative law judge ("ALJ"). N.Y. Lab. Law § 620(1)(a); 12 N.Y.C.R.R. § 461.1(a). An ALJ's decision may be appealed to the UIAB by filing a notice of appeal in the local state employment office. N.Y. Lab. Law § 621; 12 N.Y.C.R.R. § 463.1. An individual may also move for the ALJ to reopen a case in which a decision was previously made by making an application "to the chief administrative law judge or a senior administrative law judge who thereupon shall designate an administrative law judge to act upon the application." 12 N.Y.C.R.R. § 461.8. The UIAB, on its own or by motion, may also reopen a previous decision. 12 N.Y.C.R.R. § 463.6. Finally, judicial review of a UIAB decision may be sought in the Appellate Division of the New York Supreme Court, Third Department. N.Y. Lab. Law § 624. These procedures "shall be the sole and exclusive procedure notwithstanding any other provision of law." N.Y. Lab. Law § 626.

Here, even if Plaintiff had named an DOL official against whom a claim for prospective injunctive relief may be brought, he does not state a due process claim because he does not allege that he took advantage of the procedures set forth above to challenge such an unfavorable decision. For example, Plaintiff alleges that, after his claim was "closed," he sent a letter to the "Unemployment Insurance Administrative Law Judge Section" requesting a hearing. (ECF 1 at 4.) He does not allege that he followed the procedures prescribed by the DOL for requesting a hearing before an ALJ,[5] or that his letter, which was sent to an address different than that

---

[5] *See* New York Department of Labor, Unemployment Insurance Claimant Handbook, *supra* note 2, at 34-39.

required by the DOL, was actually received. Nor does Plaintiff allege that he took any follow-up actions to inquire whether his letter seeking an appeal was received or if a hearing was scheduled. Even if the Court assumed that Plaintiff did follow the correct procedures for filing his appeal, and DOL nevertheless refused to adjudicate his appeal, Plaintiff also does not allege that he filed an action under Article 78 in the state court seeking to compel the DOL to hear his appeal. *See* N.Y. C.P.L.R. § 7803(1) (Article 78 proceeding may be brought to determine "whether the body or officer failed to perform a duty enjoined upon it by law"); *see also MacGilfrey v. Pugh*, 217 A.D.2d 888, 889 (3d Dep't 1995) (holding that Article 78 proceeding was available to compel DOL to act notwithstanding Section 626's directive that the procedures set forth in New York Labor Law §§ 620-625 are the exclusive remedy for challenging a denial of benefits).

Because Plaintiff has adequate state court remedies to cure any alleged deprivation of his right to unemployment benefits, and he alleges no facts suggesting those remedies are inadequate or unavailable, the Court dismisses his Section 1983 procedural due process claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims in an amended complaint naming an individual DOL official against whom he seeks prospective injunctive relief, and alleging facts suggesting that his state court remedies were inadequate or unavailable to protect his procedural due process rights. [6]

---

[6] In the complaint, Plaintiff asks the Court to "make a ruling on [his] unemployment benefits claim." (ECF 1 at 2.) The Court notes that, even if Plaintiff did state a viable claim under Section 1983, it lacks subject matter jurisdiction to provide such relief. There is no federal law that allows a federal court to make a determination with respect to a plaintiff's application for state unemployment benefits.

**C.    Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid due process claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to address the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as barred by the Eleventh Amendment, and for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    January 2, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

9